# EVALYN ALEXANDER v. WELLS-DICKEY COMPANY AND ANOTHER.[1]

April 5, 1929.

No. 27,064.

*Jamison, Stinchfield & Mackall,* for appellant.
*Herbert T. Park,* for respondent.

PER CURIAM.

Wells-Dickey Company (hereinafter called the defendant) appeals from an order denying its motion for a new trial.

On March 18, 1918, plaintiff purchased from the defendant a $2,000 first mortgage covering certain real estate in Montana and received a proper assignment therefor which was not recorded. Later plaintiff assigned the mortgage to the Wells-Dickey Trust Company as collateral security for a $550 loan, delivering to it the assignment theretofore given her by the defendant and also a new assignment. Defendant held a second mortgage on the same property in the sum of $250. Default having been made in necessary payments under both mortgages, defendant foreclosed them in a combined action brought in its own name. In the foreclosure action defendant was decreed to be the owner of both mortgages and en-

[1]Reported in 224 N. W. 849.

titled to a foreclosure sale thereon. It bid in the property at the sale for $2,901.18, which sum included the amount of plaintiff's mortgage and interest and costs as well as its own mortgage. No part of the purchase price at the sale, represented by plaintiff's mortgage, principal and interest ($2,360), was paid by defendant to the sheriff making the sale or to the plaintiff. Defendant, by virtue of the sale, became and is now the owner of the sheriff's certificate. After the year of redemption expired (October 27, 1924) the sheriff executed and delivered to defendant a deed of the premises conveying title thereto, and defendant thereby became and now is the owner and in possession thereof. No part of the principal or interest of plaintiff's mortgage has been paid to her, the amount due being $2,360 with interest. The foregoing in substance constitutes the findings of the court. The court ordered judgment in plaintiff's favor for the above named amount, subject however to the lien for $550 and interest in favor of Wells-Dickey Trust Company. Plaintiff brought this action to recover the amount represented by her mortgage.

The contention of plaintiff is that the foreclosure, as conducted, was without her consent; defendant claims that the foreclosure was carried on under authority from the plaintiff and in accordance with an agreement made. The court refused to make findings in accordance with the claim of defendant and denied its motion for a new trial.

There is but one question presented by the appeal and that is as to the sufficiency of the evidence to support the findings of the trial court. The evidence, upon the vital point above referred to, was conflicting. The findings of the trial court should not be reversed if the evidence, taken as a whole, furnishes substantial support therefor. We have carefully examined the evidence and reach the conclusion that it amply justified the findings. 1 Dunnell, Minn. Dig. (2 ed.) § 411.

Order affirmed.